IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SAM PERLMUTTER,

Plaintiff,

v.

SALTON, INC., HARBINGER CAPITAL PARTNERS LLC, and DOES 1 through 100, Inclusive,

Defendants.

C.A. No. 09-690-GMS

**MEMORANDUM**

## I. INTRODUCTION

On April 23, 2009, the plaintiff, Sam Perlmutter ("Perlmutter") commenced this action against Salton, Inc. ("Salton"), Harbinger Capital Partners LLC ("Harbinger"), and Does 1 through 100 (collectively, "the defendants") in the Superior Court of the State of California in and for the County of Los Angeles for: breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), negligent misrepresentation (Count III), and intentional misrepresentation (Count IV). (D.I. 1, Ex. A.) Salton moved to remove the action to the United States District Court for the Central District of California based on diversity of citizenship under 28 U.S.C. § 1441(b). (D.I. 1.) Following removal, on July 17, 2009, Salton moved to dismiss Perlmutter's complaint or transfer venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404(a). (D.I. 9.) The parties stipulated to transfer venue to this court on July 31, 2009. (D.I. 10.)

On November 24, 2009, the defendants filed a motion to dismiss pursuant to Rule 12(b)(6) and Rule 9(b). (D.I. 20.) Pursuant to a stipulated agreement between the parties, Perlmutter filed an amended complaint in accordance with Rule 15(a)(2) on January 13, 2010. (D.I. 24, 25.) Perlmutter's amended complaint retains Counts I, II, and III, but drops his claim for intentional misrepresentation. (D.I. 25.) In his amended complaint, Perlmutter seeks general, specific, special and exemplary damages, as well as costs of suit, interest, and attorneys' fees. (D.I. 25 at 14.) Presently before the court is the defendants' motion to dismiss Counts I, II, and III of Perlmutter's amended complaint pursuant to Rule 12(b)(6). (D.I. 27.) For the reasons that follow, the court will grant the defendants' motion.

## II. BACKGROUND

The following facts are taken from Perlmutter's amended complaint. (D.I. 25.) Perlmutter, an individual residing in California, entered into an agreement ("Agreement") with Salton in 1999.[1] (Id. at ¶ 7.) Pursuant to the Agreement, Salton was to compensate Perlmutter in exchange for Perlmutter's full performance by paying him in four annual cash installments of $1,375,000.00. (Id.) Salton failed to make the fourth payment, prompting the parties to enter into an amendment to the Agreement ("Amendment") on July 1, 2003. (Id. at ¶¶ 8-9.) The Amendment provided that Salton would pay Perlmutter $1,375,000.00 worth of Salton common stock in lieu of the final cash installment. (Id. at ¶ 10.) In addition, Salton agreed to pay Perlmutter the difference between $1,375,000.00 and the amount for which the common stock actually sold in either cash or additional common stock if the sale of the stock failed to fully

---

[1]Pursuant to the Agreement, Perlmutter agreed to sell Salton an option to purchase Perlmutter's interest in certain trademarks. (D.I. 27, Ex. A.)

compensate Perlmutter. (Id. at ¶ 11.)

Salton issued the common stock subject to a two-year holding period when the Amendment was executed. (Id. at ¶ 12.) Following the two-year holding period, Perlmutter sold the stock for approximately $362,436.29, resulting in a shortfall amount of $1,012,563.71 ("Shortfall Amount"). (Id. at ¶ 13.) Salton opted to pay the Shortfall Amount through the issuance of additional shares of common stock on April 26, 2006. (Id. at ¶ 14.) Upon learning that the additional stock also contained a legend restricting its sale, Perlmutter repeatedly requested that Salton remove the restriction to allow him to sell or trade the shares at the prevailing market rate. (Id. at ¶¶ 15-16.) Salton acknowledged that the stock should be freely tradable, assuring Perlmutter that it would register the shares issued to cover the Shortfall Amount. (Id. at ¶ 17.) However, Salton did not register the stock, and Perlmutter sold a limited percentage of the stock after one year for $170,000.00. (Id. at ¶¶ 18-19.)

On January 27, 2007, Salton merged with Harbinger, which assumed all of Salton's obligations including those set forth in the Agreement and the Amendment.[2] (Id. at ¶ 20.) Harbinger, like Salton, failed to register the stock despite repeatedly assuring Perlmutter that it would do so. (Id.) By the end of the second year, the stock price had fallen from $2.75 per share to less than ten cents per share. (Id. at ¶ 21.) Perlmutter was only able to recover $303,000.00 for the remainder of the shares, leaving damages in the amount of $902,000.00. (Id.)

---

[2]In addition to their motion to dismiss each of the three claims set forth in Perlmutter's complaint, the defendants move to dismiss for failure to state a claim against Harbinger, alleging that the company was not formed until after the events in question had occurred. (D.I. 27 at 16-17.) Because the court dismisses Perlmutter's complaint without leave to amend, this argument is moot.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, the court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). A complaint does not need detailed factual allegations, but it must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S 41, 47 (1957); Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ---, ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The assumption of truth does not apply, however, to legal conclusions couched as factual allegations, or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements[.]" *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted).

## IV. DISCUSSION

### A. The Breach of Contract Claim

In his amended complaint, Perlmutter claims that the defendants breached the Agreement and Amendment by: (1) failing to pay the Shortfall Amount due under the Amendment in the cash equivalent of tradable and sellable stock certificates in a timely manner; (2) failing to take all such further reasonable action as may be necessary or reasonably appropriate in order to consummate the transactions contemplated; (3) failing to take reasonable efforts to implement the provisions of the Agreement; and (4) upon providing Perlmutter with stock which contained the "wrongful legend," failing to take steps that would cause the stock to be freely tradable. (D.I. 25 at ¶ 29.) The defendants argue that Perlmutter failed to adequately state a claim for breach of contract because he did not cite any provision in the contract giving rise to an obligation that has been breached. (D.I. 27 at 6.) To the contrary, the defendants contend that Perlmutter agreed to the express terms of the Agreement and the Amendment containing language that refutes Perlmutter's claim for breach of contract. (Id. at 8.)

In the present case, Perlmutter fails to state a claim for breach of contract because he does not allege any facts that would constitute a breach of the Agreement or the Amendment in his amended complaint.[3] Contrary to Perlmutter's allegation that the defendants failed to compensate Perlmutter with "tradable and sellable stock certificates in a timely manner," section

[3]Generally, on a motion to dismiss pursuant to Rule 12(b)(6), a court may not consider material outside of the pleadings. The court makes an exception, however, when a document becomes "integral to or explicitly relied upon in the complaint." *In re Burlington Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996) (superseded by statute on other grounds)). Here, the court finds that Perlmutter has made the Agreement and the Amendment "integral" parts of the complaint. Thus, it considers them for the purpose of deciding the defendants' motion to dismiss.

3(a) of the Amendment expressly provides: "Perlmutter understands that the Shares have not been, and will not be registered under the Act," and the shares "must be held indefinitely unless subsequently registered under the Act . . ." (D.I. 27, Ex. B at ¶ 3.) With respect to the "wrongful legend" contained in the shares, Perlmutter again ignores section 3(a) of the Amendment, which provides, in pertinent part:

> The Shares shall bear the following legend:
>
> THE SHARES REPRESENTED BY THIS CERTIFICATE HAVE BEEN ACQUIRED FOR INVESTMENT AND HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933 OR ANY APPLICABLE STATE SECURITIES LAWS. SUCH SHARES MAY NOT BE SOLD OR TRANSFERRED IN THE ABSENCE OF SUCH REGISTRATIONS OR EXEMPTIONS THEREFROM UNDER SAID ACT OR LAWS.

(D.I. 27, Ex. B at ¶ 3(a).)

Perlmutter does not claim that the value of the stock was deficient on the date of its transfer, and the language of the Amendment clearly discloses that the stock cannot be sold or transferred until it is registered. (D.I. 25 at ¶ 14.) The Amendment also acknowledges that the stock's value is subject to fluctuation, providing for both the loss and increase in value of the shares. (D.I. 27, Ex. B at ¶ 3.) Under the plain language of the Amendment, Perlmutter expressly agreed to compensation in the form of restricted stock and knowingly consented to the risks and limitations inherent in the transaction.

The contractual language cited by Perlmutter in support of his breach of contract claim likewise fails to support his claim. Section 4(i) of the Amendment and section 14(i) of the Agreement contain boilerplate language requiring the parties to take "further reasonable action" and make "reasonable efforts" to implement the terms of the Agreement and the Amendment.

(D.I. 25 at ¶ 28.) Perlmutter's allegations that the defendants breached these provisions by refusing to "perform specific tasks and to do so in a timely manner for the obligations agreed upon and to deliver to Plaintiff the compensation for which he bargained" are unsupported by the terms of the Amendment. In addition, Perlmutter does not clarify which specific tasks contained in the Amendment were breached by the defendants. (Id.) This vague allegation, which conflicts with the Amendment's language, does not establish a factual basis sufficient to support a claim for breach of contract.

**B. The Breach of Implied Covenant of Good Faith and Fair Dealing Claim**

Perlmutter next claims that the defendants breached their implied duty of good faith and fair dealing by: (1) improperly issuing stock that contained a wrongful legend restricting its sale; (2) failing to compensate Perlmutter in an amount equal to the Shortfall Amount; and (3) failing to take corrective action despite repeated assurances to Perlmutter that such action would be taken. (D.I. 25 at ¶ 34.) In their motion to dismiss, the defendants contend that Perlmutter failed to identify any implied contractual allegation, let alone a breach of that implied obligation. (D.I. 27 at 12.) Further, Perlmutter's claims are expressly covered by the Amendment and therefore a claim for breach of an implied covenant cannot lie. (Id. at 14.)

The implied covenant of good faith and fair dealing inheres in every contract and "requires 'a party in a contractual relationship to refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits' of the bargain." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 442 (Del. 2005) (quoting *Wilqus v. Salt Pond Inv. Co.*, 498 A.2d 151, 159 (Del. Ch. 1985)). Delaware law instructs that "[i]mposing an obligation on a contracting party through the covenant of good faith and fair

dealing is a cautious enterprise," and courts should apply the doctrine of implied good faith sparingly. *Superior Vision Servs., Inc. v. ReliaStar Life Ins. Co.*, C.A. No. 1668-N, 2006 WL 2521426, at *6 (Del. Ch. Aug. 25, 2006). To state a claim for breach of the implied covenant, Perlmutter "must allege a specific implied contractual obligation, a breach of that obligation by [the defendants], and resulting damage to [Perlmutter]." *Fitzgerald v. Cantor*, 1998 WL 842316, at *1 (Del. Ch. Nov. 10, 1998). When the terms of the contract expressly address the dispute, those express terms and not the implied covenant of good faith and fair dealing will govern the parties' relations. *Id.*

In consideration of Perlmutter's amended complaint, the court concludes that Perlmutter's allegations are insufficient to sustain his claim for breach of the implied covenant of good faith and fair dealing because express contractual language governs the matter at hand. The Amendment contains language notifying Perlmutter that the stock contains a legend stating that it will be unregistered. By signing the Amendment, Perlmutter agreed to accept stock in lieu of cash as compensation for the Shortfall Amount with the express understanding that the stock would not be immediately available for sale or trade and the value of the stock would be subject to change. The defendants' alleged failure to "take corrective action" does nothing to bolster Perlmutter's cause of action because Perlmutter did not point to any action the defendants took that would impliedly contradict the terms of the Amendment. Perlmutter's amended complaint therefore fails to state a claim for breach of the implied covenant of good faith and fair dealing.

**C. The Negligent Misrepresentation Claim**

In support of his claim for negligent misrepresentation, Perlmutter alleges that the Shortfall Amount was to be promptly paid and Perlmutter was to be fully compensated according to the defendants' representations regarding the Amendment. (D.I. 25 at ¶ 40.) The defendants allegedly assured Perlmutter after the stock was issued that the restriction on the stock would be removed, and Perlmutter claims that this assurance induced him to accept the stock in lieu of cash. (Id. at ¶¶ 43-45.) Citing *Airborne Health, Inc. v. Squid Soap, LP*, 984 A.2d 126, 144 (Del. Ch. 2009), the defendants contend that Perlmutter cannot assert a claim for negligent misrepresentation or equitable fraud where no special relationship exists between the parties, and even if such a relationship did exist, Perlmutter failed to establish that he relied on the defendants' assurances made in 2007 by entering into the Amendment signed in 2003. (D.I. 27 at 14-15.)

To prove negligent misrepresentation under Delaware law, a plaintiff must show: (1) a pecuniary duty to provide accurate information; (2) an actual "material misrepresentation;" (3) a failure to exercise reasonable care in obtaining or communicating the information; and (4) a pecuniary loss caused by justifiable reliance upon the false information. *See Lincoln Nat. Life Ins. Co. v. Snyder*, --- F. Supp. 2d --- , 2010 WL 2787453, at *13 (D. Del. July 15, 2010) (citing *Grunstein v. Silva*, C.A. No. 3932-VCN, 2009 WL 4698541, at *14 (Del. Ch. Dec. 8, 2009)); *Kuhn Const. Co. v. Ocean and Coastal Consultants, Inc.*, --- F. Supp. 2d --- , 2010 WL 2787456, at *7 (D. Del. July 15, 2010). In Delaware, negligent misrepresentation is equivalent to equitable fraud. *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, C.A. No. 09L-02-046, 2009 WL 3273509, at *2 (Del. Super. Sept. 30, 2009). Equitable fraud is the same as common law fraud,

except that "the plaintiff need not show that a statement was made with knowledge that it was false or in reckless disregard of the truth." *Airborne Health, Inc. v. Squid Soap, LP*, 984 A.2d 126, 143 (Del. Ch. 2009). Although the doctrine of equitable fraud is flexible, it is not available in every case or to every plaintiff and typically requires the existence of a fiduciary relationship. *Id.*

Perlmutter's amended complaint fails to allege facts sufficient to establish that a special relationship existed between the parties. Nothing in the amended complaint suggests that the defendants owed Perlmutter a fiduciary duty, and the existence of a fiduciary duty does not arise merely by entering into an agreement. Perlmutter also fails to establish that he justifiably relied on the defendants' alleged misrepresentations because he entered into the Amendment before the alleged misrepresentations occurred. Perlmutter affirmatively agreed to accept unregistered stock in lieu of cash as compensation for the Shortfall Amount on July 1, 2003. He cannot now undo the express terms of the Amendment based on his reliance on statements made by the defendants nearly four years after the execution of the Amendment. Thus, Perlmutter's claim for negligent misrepresentation also fails.

**D. Leave to Amend**

Perlmutter requests that the court grant leave to amend the complaint if the motion to dismiss is granted. (D.I. 28 at 16.) Although Federal Rule of Civil Procedure 15 states that leave to amend "shall be freely given when justice so requires," dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). The decision whether to grant leave to amend is within the discretion of the court, *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222

(1962); however, district courts should provide an opportunity for leave to amend a complaint where the deficiencies warranting dismissal could be cured by the court, *Shane v. Fauver*, 213 F.3d 113, 116 (3d Cir. 2000). The court finds that granting leave to amend the complaint in this case would be futile because Perlmutter has already amended the complaint once, and the deficiencies of the amended complaint appear to be incurable.

**V. CONCLUSION**

For the reasons stated above, the defendants' motion to dismiss is GRANTED. An appropriate order shall issue.

Dated: September 24, 2010

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAM PERLMUTTER,<br><br>Plaintiff,<br><br>v.<br><br>SALTON, INC., HARBINGER CAPITAL PARTNERS LLC, and DOES 1 through 100, Inclusive,<br><br>Defendants. | ) | C.A. No. 09-690-GMS |

**ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendants' motion to dismiss Counts I, II, and III of the plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 26) is GRANTED.

2. The plaintiffs' amended complaint (D.I. 25) is hereby DISMISSED in its entirety.

3. The Clerk of Court is directed to close this case.

Dated: September 24, 2010

CHIEF, UNITED STATES DISTRICT JUDGE